# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HEATHER BURCHETT, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STAFFMARK INVESTMENT LLC,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Heather Burchett (Burchett) brings this lawsuit to recover unpaid overtime wages and other damages from Staffmark Investment LLC (Staffmark) under the Fair Labor Standards Act (FLSA).

2. Plaintiff worked for Staffmark as a Recruiter during the relevant time period.

3. Plaintiff and the other workers like her regularly worked for Staffmark in excess of forty (40) hours each week.

4. But these workers never received overtime pay for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Staffmark improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Staffmark maintains its headquarters in this District and Division.

## PARTIES

9. Burchett was employed by Staffmark as a recruiter from approximately June 2017 through April 2021.

10. Burchett's written consent is attached as Exhibit A.

11. Burchett brings this action on behalf of herself and all other similarly situated hourly employees, under the collective action provisions of the FLSA. *See* 29 U.S.C. § 216(b).

12. Staffmark subjected the Putative Class to the same FLSA violations as Burchett, and such a collective is properly defined as:

> **All current and former recruiters employed by Staffmark who were paid a salary and no overtime compensation at any time during the past three years throughout the United States except California (the "Putative Class Members").**

13. The Putative Class Members are easily ascertainable from Staffmark's business and personnel records.

14. Staffmark is an Ohio Limited Liability Company that maintains its headquarters in Cincinnati, Ohio.

15. Staffmark may be served through its registered agent: **Corporation Service Company, 40 Technology Parkway South Suite 300, Norcross, GA 30092**.

## COVERAGE UNDER THE FLSA

16. At all relevant times, Staffmark was an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. At all relevant times, Burchett was an employee within the meaning of the Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

18. At all relevant times, Staffmark was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all relevant times, Staffmark was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20. Staffmark had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods (such as cell phones and computers) or materials that have been moved in or produced for commerce by any person, including but not limited to, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

21. Staffmark's annual gross volume of sales made or business done have far exceeded the minimum ($500,000.00) required for coverage under the FLSA during the last 3 years.

22. At all times hereinafter mentioned, Burchett and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

23. Staffmark is an employment and staffing company operating throughout the United States, including in Georgia.

24. To provide services to its clients, Staffmark employs recruiting personnel, including Recruiters.

25. Burchett worked for Staffmark throughout North Carolina and Georgia, including in Atlanta and Lithia Springs, but Staffmark employs the services of recruiters like Burchett throughout the country.

26. Burchett worked for Staffmark as a Recruiter from approximately June 2017 through April 2021.

27. Throughout her employment, Burchett was paid a flat salary every week without any additional overtime premiums even though she routinely worked anywhere from 50 to 60 hours per workweek.

28. Staffmark paid Burchett and the Putative Class Members the same flat salary for all hours worked.

29. Burchett's working relationship with Staffmark is similar to that of the Putative Class Members.

30. Burchett's work schedule is typical of the Putative Class Members.

31. Staffmark did not pay Burchett or the Putative Class Members overtime wages for hours worked in excess of 40 in any of those weeks.

32. Instead, Staffmark paid Burchett and the Putative Class Members a salary for each workweek.

33. Even if their job titles and precise job duties differ, Staffmark subjected Burchett and the Putative Class Members to the same or similar illegal pay practice for similar work.

34. As a Recruiter, Burchett's primary job duties included sourcing candidates for open job positions with Staffmark's clients.

35. Burchett and the Putative Class Members performed non-exempt work.

36. Burchett and the Putative Class Members did not have the authority to hire or fire employees.

37. Burchett and the Putative Class Members did not supervise two or more employees.

38. Burchett and the Putative Class Members did not exercise independent discretion and judgment with respect to matters of significance.

39. Despite the fact that Burchett and the Putative Class Members were non-exempt, Staffmark did not pay these employees overtime wages.

40. All of Staffmark's recruiters worked similar hours and were denied overtime wages as a result of the same pay practice.

41. Staffmark uniformly denied Burchett and the Putative Class Members overtime wages for the hours they worked in excess of 40 hours in a single workweek.

42. Staffmark's policy of paying non-exempt employees like Burchett and the Putative Class Members a flat salary for all hours worked violates the FLSA because it deprived Burchett and the Putative Class Members of overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

43. Staffmark knew, or showed reckless disregard for whether, Burchett and the Putative Class Members were entitled to overtime wages under the FLSA.

44. Nonetheless, Staffmark knowingly, willfully, or in reckless disregard carried out this illegal pay practice that deprived Burchett and the Putative Class Members of overtime compensation in violation of the FLSA.

45. Staffmark was aware of the requirements of the Fair Labor Standards Act.

46. Staffmark was aware of Burchett's job duties.

47. Staffmark was aware of Burchett's primary duty.

48. Staffmark was aware of Burchett's hours worked.

49. Staffmark was aware Burchett worked in excess of forty hours in a workweek.

50. Staffmark's failure to pay Burchett and the Putative Class Members overtime wages was neither reasonable, nor was the decision not to pay these employees overtime wages made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

51. Burchett brings this claim as a class and collective action under the FLSA.

52. The illegal pay practice Staffmark imposed on Burchett was imposed on the Putative Class Members.

53. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

54. The Putative Class Members are similarly situated in all relevant respects.

55. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

56. Based on her experience and tenure with Staffmark, Burchett is aware that Staffmark's illegal practices were imposed on the Putative Class Members.

57. Staffmark similarly denied overtime wages to the Putative Class Members at the proper rates when they worked more than 40 hours per week.

58. The overtime wages owed to Burchett and the Putative Class Members will be calculated using the same records and using the same formula.

59. Burchett's experiences are therefore typical of the experiences of the Putative Class Members.

60. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

61. Burchett has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

62. Like each Putative Class Members, Burchett has an interest in obtaining the unpaid overtime wages owed under federal law.

63. The precise size and the identity of the Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Staffmark.

64. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65. Absent a collective action, many Putative Class Members will not obtain redress of their injuries, and Staffmark will reap the unjust benefits of violating the FLSA.

66. Further, even if some of the Putative Class Members could afford individual litigation against Staffmark, it would be unduly burdensome to the judicial system.

67. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

68. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

69. Among the common questions of law and fact are:

   a. Whether Burchett and the Putative Class Members were exempt from the FLSA;

   b. Whether Staffmark's decision to pay Burchett and the Putative Class Members a salary without overtime compensation was made in good faith;

   c. Whether Staffmark's violation of the FLSA was willful; and

   d. Whether Staffmark's illegal pay practice applied to the Putative Class Members.

70. Burchett and the Putative Class Members sustained damages arising out of Staffmark's illegal and uniform pay policy.

71. Burchett knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

72. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Staffmark's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

73. Staffmark is liable under the FLSA for failing to pay overtime wages to Burchett and the Putative Class Members.

74. Consistent with Staffmark's illegal pay policy, Burchett and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

75. As part of their regular business practices, Staffmark intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Burchett and the Putative Class Members.

76. Staffmark's illegal pay policy deprived Burchett and the Putative Class Members of the premium overtime wages they are owed under federal law.

77. Staffmark is aware, or should have been aware, that the FLSA required it to pay Burchett and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

78. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

79. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

80. Those similarly situated workers are known to Staffmark, are readily identifiable, and can be located through Staffmark's business records.

## CAUSES OF ACTION
## FLSA VIOLATION

81. Burchett realleges and incorporates by reference all allegations in preceding paragraphs.

82. As set forth herein, Staffmark has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

83. Staffmark knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Burchett and the Putative Class Members overtime compensation.

84. Staffmark's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime compensation made in good faith.

85. Accordingly, Burchett and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rates of pay, plus liquidated damages, attorneys' fees and costs.

86. Burchett and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from Staffmark.

## JURY DEMAND

87. Burchett hereby demands a trial by jury.

## PRAYER

WHEREFORE, Burchett, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. An Order appointing Burchett and her counsel to represent the interests of the Putative Class Members;

c. An Order finding Staffmark liable to Plaintiffs and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. A judgment against Staffmark awarding Burchett and the Putative Class Members all their unpaid overtime compensation and an equal amount in liquidated damages;

e. An order awarding attorney's fees, costs, and expenses;

f. Pre- and post-judgment interest at the highest applicable rates; and

g. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Justin T. Holcombe*
**Justin T. Holcombe**
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
**Kris Skaar**
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

**Michael A. Josephson***
Texas Bar No. 24014780
**Andrew W. Dunlap***
Texas Bar No. 24078444
**Carl Fitz***
Texas Bar No. 24105863
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**Richard J. (Rex) Burch***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*\*Pro hac vice application forthcoming*

**ATTORNEYS FOR PLAINTIFF & THE PUTATIVE CLASS MEMBERS**